**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 06 C 1062 |
| | ) |
| **WESTERN PHASE II, L.L.C. and 2929 N.** | ) |
| **WESTERN AVENUE, L.L.C.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The United States brought this action against Western Phase II, LLC and 2929 N. Western Avenue, LLC (collectively "Western") to reduce to judgment the civil penalties imposed against Western pursuant to a United States Department of Housing and Urban Development ("HUD") administrative proceeding. Plaintiff also seeks attorneys fees. Plaintiff has moved for summary judgment. For the reasons stated below, the Court grants the motion.

### Facts

The facts in this case are undisputed. Defendants are Illinois limited liability companies with their principal place of business in Chicago. On April 29, 2005, HUD served an administrative complaint on Western for violations of the Interstate Land Sales Full Disclosure Act ("Act"), 15 U.S.C. §§ 1501 *et seq*. Western did not respond to the complaint.

On June 2, 2005, an Administrative Law Judge entered a default judgment in the amount of $230,400 against the defendants jointly and severally. HUD sent notice of the default judgment to Western. Western did not seek administrative or judicial review of the default order

within the period allowed by statute.  Western has not paid the civil penalty.  On February 27, 2006, the United States filed this action to obtain a monetary judgment against Western.

## Discussion

Summary judgment will be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Court must construe all facts and any reasonable inferences in the light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Western does not dispute that it violated the Act sometime in 1998.  The Act describes the procedure for imposing civil monetary penalties resulting from a violation.  Specifically, if a person knowingly violates the Act, the Secretary of HUD may impose a civil penalty after the alleged violator has been given an opportunity for an administrative hearing.  15 U.S.C. §§ 1717a(a), 1717a(b)(1)(A).  If the alleged violator does not request a hearing within 15 days of receipt of notice of the opportunity for a hearing, imposition of the penalty becomes final.  *Id.* § 1717a(b)(2).  A person upon whom a penalty has been imposed may seek judicial review after exhausting administrative remedies.  *Id.* § 1717a(c)(1).  If such a person fails to pay the penalty, the Attorney General may file suit in court seeking a monetary judgment once the time for administrative review has run.  *Id.* § 1717a(d).  The judgment may include attorney's fees and expenses.  *Id.*

The undisputed facts show that HUD provided notice of a complaint seeking to impose civil penalties.  Western did not respond within fifteen days.  As a result, an ALJ entered a

default order, concluding that by failing to respond, Western had admitted the facts alleged and had forfeited its right to a hearing. The ALJ imposed a civil penalty in the amount of $230,400. Western did not appeal either administratively or judicially within the time period required by law.

In this action, Western's sole defense is that the United States' claim expired by reason of the statute of limitations. It is unclear from Western's response to the government's motion whether it claims the statute of limitations bars the original administrative order or this action. For this reason, we will deal with both possibilities.

If Western is contending that the statute of limitations had run before the administrative proceedings were commenced, the argument is raised too late. The Supreme Court has clearly stated that issues not raised at an adversarial hearing before an administrative agency are forfeited on judicial review. *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952). The Seventh Circuit has applied this principle to the issue of timeliness. *See Ester v. Principi*, 250 F.3d 1068, 1071-72 (7th Cir. 2001); *Barton Brands Ltd. v. NLRB*, 529 F.2d 793, 801 (7th Cir. 1976).

If Western is contending that this action is barred by the statute of limitations, this argument is mistaken as well. Western bases its argument on 28 U.S.C. § 2462, which states:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

28 U.S.C. § 2462. Because the United States filed this suit less than one year after the ALJ's default order, for Western to prevail on this argument, the statute of limitations must begin to run from date of the underlying statutory violations.

3

Controlling case law holds, however, that when a government agency initiates a suit in federal court for a monetary judgment to collect civil fines incurred as the result of an administrative violation, the statutory period for filing suit begins only when the administrative remedies have been exhausted. *Crown Coat Front Co. v. United States*, 386 U.S. 503, 513-514 (1967). *See also United States v. Robert's Nursing Home*, 710 F.2d 1275, 1278-1279 (7th Cir. 1983); *U.S. Dep't of Labor v. Old Ben Coal Co.*, 676 F.2d 259, 261 (7th Cir. 1982); *United States v. Withrow*, 593 F.2d 802, 805 (7th Cir. 1979). The rationale for this principle is that a "court cannot review a decision which has not yet been made." *Old Ben Coal*, 676 F.2d at 261.

The facts of *Old Ben Coal* are similar to those in this case. In *Old Ben Coal*, the Department of Labor attempted to enforce an order for civil penalties imposed by an ALJ under the Federal Coal Mine Health and Safety Act. *Id*. at 259. Old Ben neither paid the penalties nor appealed the order, and the United States sued to collect. *Id*. In its defense, Old Ben argued that the statute of limitations had expired because the government had filed the enforcement suit more than five years after the violation. *Id*. The Seventh Circuit held that a claim by the government to collect penalties imposed administratively first accrues when the administrative order becomes final. *Id*. at 261. In the context of the Act at issue in this case, that does not occur until all administrative appeals have been concluded or forfeited.

Western relies heavily on *3M Co. v. Browner*, 17 F.3d 1435 (D.C. Cir. 1994), for its contention that § 2462 bars the current action. To the extent that *3M* is at odds with *Old Ben Coal*, the latter decision, not *3M*, is binding on this Court. In any event, *3M* is distinguishable from the case at hand. In *3M*, the party challenged the civil penalty on statute of limitations grounds at the administrative level before the case was filed in court *Id*. at 1455. In this case

4

Western made no such challenge and as a result forfeited the issue, as the Court has already concluded.

**Conclusion**

For the reasons stated above, the Court grants the United States' motion for summary judgment [docket no. 9]. The Court directs the Clerk to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $230,400, plus attorney fees and expenses to be determined. The Court will not require compliance with N.D. Ill. LR 54.3(d)-(f). Plaintiff's fee petition is to be filed by August 2, 2006. Defendant's response is to be filed by August 16, 2006. Plaintiff's reply is to be filed by August 23, 2006.

Date: July 17, 2006

_____
MATTHEW F. KENNELLY
United States District Judge
United States
District Judge